LAW OFFICE OF DAVID M. FELDMAN
DAVID FELDMAN, SBN #179679
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 578-7171
Facsimile: (310) 578-7731

Attorney for Plaintiff
JOHN JB DOE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JB DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:** |

Plaintiff JOHN JB DOE as a victim of sexual misconduct, is entitled to protect his identity in this public court filing by not disclosing his full name. Plaintiff JOHN JB DOE brings this Complaint against Defendant UNITED STATES OF AMERICA ("UNITED STATES") as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Prior to the institution of this action, plaintiff filed a claim with the United States Department of Veterans Affairs as required by 28 U.S.C. § 2675(a), which is attached as Exhibit 1. More than six months have passed and to date the Department of Veterans Affairs

had not denied plaintiff's claim. Accordingly, plaintiff has elected to file suit in accordance with 28 U.S.C. § 2675(a). Further, this action is properly brought within the six-month period set forth in 28 U.S.C. 2401(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) as the cause of action as to Defendant United States arose within the Central District of California at Los Angeles, California.

4. At all times relevant to this action, the agents, servants, employees, and personnel of the United States were acting within the course and scope of their employment in providing and/or failing to provide medical care and treatment to John Doe.

5. Plaintiff, who is a veteran of the United States Armed Forces, is a citizen and resident of Orange County, California, and thus entitled to mental health treatment by the West Los Angeles VA.

6. The medical care described as follows was provided to John Doe at the Los Angeles VAMC and/or its affiliated clinics unless otherwise stated.

**GENERAL ALLEGATIONS**

7. Plaintiff restates and re-alleges paragraphs 1 through 6 as if fully stated herein.

8. Plaintiff alleges Intentional Infliction of Emotional Distress ("IIED") (*Xue Lu v. Powell*) ("emotional distress suffered as a result of the demand for sexual favors is an injury distinct from the battery and may be proved by the plaintiffs"), as a result of sexual abuse while he was a patient at the Los Angeles VA.

9. The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) "incorporates the law of the state in which the tort is alleged to have occurred, in this case California, so that we are bound to interpret and apply the law California would apply to a private employer." *See Xue Lue v. Powell*, 621 F.3d 944 (9th Cir. 2010); and *Williams v. United States*, 350 U.S. 857,

2
**COMPLAINT FOR DAMAGES**

76 S. Ct. 100, 100 L. Ed. 761 (1955).

10. Furthermore, under FTCA, the United States is liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

## IIED IS NOT EXCLUDED UNDER 2608(h)

11. Based on "Intentional Torts and Other Exceptions to the Federal Tort Claims Act" authored by David W. Fuller and presented in the University of St. Thomas Law Journal, Volume 8, pp. 375-397 (the "Fuller Article") the following cases from the Ninth Circuit and the First, Second and Eighth Circuits, Plaintiff's claim for IIED is not excluded under 28 U.S.C. § 2608(h) nor is IIED listed in the eleven enumerated exclusions therein. See *Sheehan v. United States*, 896 F.2d 1168, 1171 n. 4 (9th Cir.1990) (noting that, to trigger liability for assault in torts, "a specific apprehension of imminent battery is required" and therefore "apprehension of some other harm" will not suffice). Plaintiff did not have a specific apprehension of imminent battery or assault while she was engaged in a sexual relationship with her social workers. See also *Gross v. United States 676 F.2d 295 (8th Cir. 1982); Kohn v. United States, 680 F.2d 922, 924 (2d Cir. 1982) (reversing dismissal of cause of action sounding in IIED); and Santiago–Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 20 (1st Cir. 1993) (allegedly wrongful theft accusation, interrogation, threatened FBI investigation, and termination).*

12. Additionally, the leading California case *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, (1995) 907 P.2d 358, noted that the Ninth Circuit (applying Washington law) and Alaska have held that when a physician or therapist becomes sexually involved with a patient as a result of mishandling the feelings **predictably** created by the therapeutic relationship that under the respondeat superior theory that misconduct is with the physician or therapist's scope of employment. (see, e.g., *Simmons v. United States* (9th Cir. 1986) 805 F.2d 1363, 1369-1370;

*Doe v. Samaritan Counseling Center* (Alaska 1990) 791 P.2d 344, 348-349).

**FACTUAL ALLEGATIONS**

13. Plaintiff was a patient under the medical care of the Mental Health Residential Rehabilitation Treatment Program (MH RRTP), known as the West Los Angeles VA Domiciliary, from January to July 2020 due to PTSD related to Military Sexual Trauma (MST) suffered while serving in the Navy in 2001 and for substance abuse. The MH RRTP is home to more than 200 Veterans who receive treatment for substance abuse and/or mental health issues. Throughout the day at the MH RRTP or the Domiciliary the patients attend different classes. Different tracks require different classes, but they can include sessions like Recovery and Relapse; Emotional Management; Personal Journal; Managing Moods, and Thoughts and Anger Management. Some classes focus on a 12-step treatment model, and others provide a 12-week Cognitive Processing Therapy group, with its corresponding one-on-one sessions that help Veterans process their feelings. The Domiciliary offers three meals a day. At 10 p.m. lights are out. To ensure a sober living environment, residents are tested for substances weekly and are subject to room inspections. Resident must meet with their Domiciliary physician at least once a month. Nursing staff are on-site 24 hours a day, seven days a week. Every Veteran's stay at the Domiciliary is different dependent on their unique needs.

14. While Plaintiff was a patient, Francis Salazar, a health technician, sexually exploited Plaintiff over the course of several months, from April to July 2020.

15. Plaintiff's roommate at the Domiciliary was Daryl McGowen. Stephanie Hernandez was a health technician with Building Management at the West LA Domiciliary and a co-worker and friend of Salazar's. Both McGowen and Hernandez have firsthand knowledge of the sexual encounters between Plaintiff and Salazar. In fact, Hernandez would keep lookout for Salazar and Plaintiff so that they would not get caught during their sexual encounters.

16. Furthermore, McGowen and Styles engaged in an ongoing sexual relationship during the same time period as Plaintiff and Salazar. And Salazar kept a lookout for Hernandez and McGowen while they were engaged in sexual relations.

17. Lisa Styles, who was another co-worker health technician, found out about the sexual encounters between Plaintiff and Salazar and reported to her supervisors.

18. Salazar routinely exchanged text messages with Plaintiff, writing things like: "I need your dick!!", and "Did you take your meds?" "No", "Ok, I might be able to come to your room at 8-9, after rounds. Steph and I will be up there" and "My smoke break is at 830" "So you want to smoke instead of sex?" "Sex" "Oh ok! I thought so, we need to get a room fucking soon!!!" They engaged in sexual intercourse on multiple occasions while Plaintiff was a patient at the West LA Domiciliary.

19. On April 25, 2023 Plaintiff returned to the Domiciliary for treatment, when he learned that Salazar's misconduct was the cause of Plaintiff's emotional and psychological problems, and that Plaintiff's psychological problems were due to Salazar's inappropriate response to the normal "transference phenomenon" while Plaintiff was under her care. (See *Simmons v. United States*, (1986) 805 F.2d 1363).

20. On May 21, 2023 Plaintiff submitted a claim for injury and damage to the West Los Angeles VA Medical Center. The total amount of Plaintiff's claim is $5,000,000.

21. Upon information and belief an Administrative Investigation Board launched an internal investigation into the facts and circumstances regarding the allegations of misconduct between Salazar and Plaintiff. Plaintiff made a Public Records Act request and is awaiting a response.

**FIRST CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

22. Plaintiff restates and re-alleges paragraphs 1 through 19 as if fully stated herein.

23. That defendant owed plaintiff a duty: based on the alleged facts pleaded herein defendant clearly owed plaintiff a duty;

24. That defendant breach that duty: based on the alleged facts described here defendant breached that duty; and

25. That plaintiff suffered severe emotional distress as a result: based on the facts alleged herein plaintiff suffered and continues to suffer severe emotional distress caused by defendant's intentional misconduct. *Serious* emotional distress exists if an ordinary, reasonable person would be unable to cope with the mental stress engendered by the circumstances of the case. Emotional distress in California includes (without limitation): suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, mental distress, emotional harm, emotional trauma, humiliation, and shame.

### SECOND CAUSE OF ACTION
### VIOLATION OF ELDER ABUSE AND
### DEPENDENT ADULT CIVIL PROTECTION ACT

26. Plaintiff restates and re-alleges paragraphs 1 through 23 as if fully stated herein.

27. Plaintiff claims that he was neglected by both Salazar and the other staff members at the Domiciliary, Salazar's co-workers and supervisors in violation of the Elder Abuse and Dependent Adult Civil Protection Act.

28. The staff at the Domiciliary, including Salazar and her co-workers and supervisors, had a substantial caretaking or custodial relationship with Plaintiff, involving ongoing responsibility for his basis needs, which an able-bodied and fully competent adult would ordinarily be capable of managing without assistance.

29. As a resident of the Domiciliary Plaintiff was a dependent adult while under the care or custody of the Domiciliary employees, including Salazar and her co-workers and supervisors.

30. The staff at the Domiciliary, including Salazar and her co-workers and supervisors, failed to use the degree of care that a reasonable person in the same situation would have used in providing for Plaintiff's basic needs, including protecting from health and safety hazards (*See Samantha B. v. Aurora Vista Del Mar*, (2022).

31. Plaintiff was harmed and continues to be harmed.

32. The Domiciliary employees, including Salazar and her co-workers and supervisors, conduct was a substantial factor in causing harm to Plaintiff.

33. Their conduct was reckless thereby entitling Plaintiff to attorney's fees.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

34. Plaintiff restates and re-alleges paragraphs 1 through 31 as if fully stated herein.

35. Plaintiff claims that he was harmed by the Domiciliary employees, including Salazar, her co-workers and supervisors, and that their employer the Department of Veterans Affairs is responsible for that harm because the Department of Veterans Affairs negligently hired, supervised, or retained these employees.

36. The Department of Veterans Affairs hired the Domiciliary employees, including Salazar, her co-workers and supervisors.

37. That the Domiciliary employees, including Salazar, her co-workers and supervisors became unfit or incompetent to perform the work for which they were hired.

38. That the Department of Veterans Affairs knew or should have known that the Domiciliary employees, including Salazar, her co-workers and supervisors became unfit or incompetent and that this unfitness or incompetence created a particular risk to others.

39. The Domiciliary employees, including Salazar, her co-workers and supervisors, unfitness or incompetence harmed Plaintiff.

40. The Department of Veterans Affairs' negligence in hiring, supervising, or

**COMPLAINT FOR DAMAGES**

retaining the Domiciliary employees, including Salazar, her co-workers and supervisors was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION
## VIOLATION OF CIVIL CODE SECTION 51.9
## SEXUAL HARASSMENT IN DEFINED RELATIONSHIP

41. Plaintiff restates and re-alleges paragraphs 1 through 38 as if fully stated herein.

42. Plaintiff claims that Salazar sexually harassed her.

43. Plaintiff had a professional relationship with Salazar.

44. Salazar made sexual advances, sexual solicitations, sexual requests, and demand for sexual compliance to Plaintiff, and engaged in physical conduct of a sexual nature with Plaintiff.

45. Salazar's conduct was unwelcome and also pervasive or severe.

46. Plaintiff has suffered and will continue to suffer personal injury, a violation of a statutory right and a violation of a constitutional right as a result of Salazar's conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff John Doe prays that this Court enter judgment against Defendant United States, for the amount indicated on SF95, as follows:

    a. For compensatory damages for the acts complained of herein, in an amount to be proven at trial per SF95

    b. For attorney's fees; and

    c. For such other and further relief as the Court deems necessary or proper.

DATED: May 1, 2024                LAW OFFICE OF DAVID FELDMAN

BY: _____
David Feldman
Attorney for Plaintiff

# Exhibit 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| West Los Angeles VA Medical Center<br>11301 Wilshire Blvd<br>Los Angeles, CA 90073 | Jonathan R Baldree 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<br>988 Ironwood Road<br>Beaumont, CA 92233<br>Email: jonathanbaldree.JB@gmail.com |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>08/04/1979 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>April 2020 -    July 2020 | 7. TIME (A.M. OR P.M.)<br>Evenings / p.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

I was a patient under the medical care of the West LA Domiciliary from January-July 2020 due to PTSD related to an MST incident while serving in the Navy in 2001 and for substance abuse. While I was a patient, Francis Salazar, a health technician, sexually exploited me over the course of April-July 2020. I believe there is an ongoing AIB investigation. On April 25, 2023 I returned to the Dom for treatment with the knowledge that Salazar's improper handling of the transference phenomenon that has caused me emotional and psychological damage.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Ongoing mental anguish, emotional distress, aggravating and worsening of pre-existing mental health suffering including anxiety and depression.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Lisa Brooke-Styles | Health Technician with Building Management at West LA Domiciliary |
| Daryl McGowen | VA Domiciliary Roommate in 2020 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | 5,000,000.00 | N/A | 5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signed] J. R. Baldree* | (714) 583-2495 | 05/21/2023 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2